**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION**

**ERIC DEMOND RUSSELL**                                                                **PLAINTIFF**

**V.**                                        **CASE NO. 6:25-CV-6099**

**WAYNE MCMURRY**                                                          **DEFENDANT**

## ORDER

Now before the Court is the Report and Recommendation (Doc. 14) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On January 27, 2026, the Court adopted the Report and Recommendation and dismissed the case without prejudice. However, on March 11, Plaintiff Eric Demond Russell moved the Court to reconsider its dismissal, noting that he did not receive mail in a timely fashion at his prison facility, and thus, did not know about the deadline to object. On March 13, the Court granted Mr. Russell's motion to reconsider and directed the Clerk to mail him a copy of the Report and Recommendation at his current address. He was granted twenty-one additional days to file objections. When he failed to file objections by that deadline, the Court dismissed the case for the second time on April 7. That was not the end of it. On April 13, Mr. Russell notified the Court that he did not receive the order setting the new objection deadline. Granting Mr. Russell all benefit of the doubt, the Court afforded him one final opportunity to file objections. The new deadline was May 11. He was specifically warned: "No further extensions will be granted absent a showing of good cause." (Doc. 25).

1

It is now May 12, and Mr. Russell has failed to file objections to the Report and Recommendation. He has not contacted the Court in any way. The Court finds the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Mr. Russell is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, **the Clerk is directed to place a § 1915(g) strike flag on the case** for future judicial consideration.

If Mr. Russell should later request reconsideration of this Order and more time to file objections, such request will be summarily denied. He was warned explicitly that no further extensions would be granted.

**IT IS SO ORDERED** on this 12th day of May, 2026.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

2